IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELA RAMIREZ, | § | |
| FRANCISCO GONZALES | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:18-CV-107-D-BR |
| | § | |
| JAMES KILLIAN, a.k.a. "JR Killian" and | § | |
| KENT RILEY, | § | |
| Defendants. | § | |

**<u>Response in Opposition to Defendant Kent Riley's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Rubicela Ramirez and Francisco Gonzales, (hereinafter referred to as "Plaintiffs") ask this Court

to deny the relief requested by Defendant Kent Riley for the following reasons.


**Summary of Facts**

On June 7, 2018, Rubicela Ramirez and Francisco Gonzales filed this lawsuit against Defendants

James Killian and Kent Riley alleging a number of 42 U.S.C. § 1983 violations by them both.

Defendant Kent Riley filed a Motion to Dismiss on 11 July 2018 under Federal Rules of Civil

Procedure Rule 12(b)(6).


**Argument and Authority**

1. **Standard of Review**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the

face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v.*

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  Pleadings

must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-

pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at

196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof

of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(emphasizing that "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555.  In sum, a complaint fails to state a

claim upon which relief may be granted when it fails to plead "enough facts to state a claim to

relief that is plausible on its face." *Id.* at 570.

> **2.   Defendant Kent Riley's failure to stop James Killian from banging Rubicela Ramirez's head against the floor constitutes an overt act supporting the allegation that the defendants conspired to violate 42 U.S.C. § 1983 against excessive force.**

The US Court of Appeals for the Fifth Circuit has affirmed that a plaintiff can maintain under

§ 1983 a claim of conspiracy to deprive him of constitutional rights. *See Bullard v. City of Hous.*,

1996 WL 4405777, at *4 (5th Cir. July 2, 1996) (per curiam); *Pfannstiel v. City of Marion*, 918

F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v.*

*Thomas*, 973 F.2d 449, 455 (5th Cir. 1992).  Section 1983, however, cannot be "violated."

"Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it

designates[,]" and an "underlying constitutional or statutory violation is a predicate to liability

under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (internal quotation marks omitted) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)). "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act, but 'a conspiracy claim is not actionable without an actual violation of section 1983.'" *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (citation omitted); *see also Tittle v. Raines*, 231 F.Supp.2d 537, 553 (N.D. Tex. 2002) (Lindsay, J.) ("A conspiracy by itself is not actionable under § 1983." (citation omitted)).  The actionable civil injury to a plaintiff results from the overt acts of the defendants, not from the mere continuation of a conspiracy." Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987).

Here, Sheriff Kent Riley was passive and tacitly approved the conduct of his subordinate, Deputy Killian, in failing to intervene against James Killian's clear violation of Rubicela Ramirez and Francisco Gonzales constitutional rights against unlawful and excessive force. Sheriff Kent Riley stood by and watched James Killian bang Rubicela's head against the floor and did not stop Deputy Killian, or correct him, or report his misconduct.  Kent Riley took part in the conspiracy by failing to intervene on the excessive force and by agreeing with James Killian that Rubicela Ramirez and Francisco Gonzales should be arrested, even though a crime had not been committed.  The complaint specifically stated the above referenced facts. it did not simply state legal and constitutional conclusions.

Additionally, Defendant Kent Riley's claim of intracorporate conspiracy claims do not apply in this case, since these claims, including the allegations of conspiracy, have been made under 42 USC § 1983, not § 1985.

3. **Defendant Kent Riley is liable as a bystander for violations of the Fourth Amendment**

An officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983. *Harris v. Chanclor*, 537 F.2d 203, 205-06 (5th Cir.1976); *Smith v. Dooley*, 591 F.Supp. 1157, 1168 (W.D.La.1984), aff'd, 778 F.2d 788 (5th Cir.1985); see also *Gaudreault v. Municipality of Salem, Mass*., 923 F.2d 203, 205 n. 3 (1st Cir.1990), cert. denied, 500 U.S. 956, 111 S.Ct. 2266, 114 L.Ed.2d 718 (1991). In *Hale v. Townley*, Hale alleged that during the January 7, 1991 raid, Fant stood by and laughed as Fox slammed Hale against the car; rammed his fist into Hale's testicles; and repeatedly tried to slam Hale's head into the car. 45 F.3d 914, 919 (5th Cir.1995). The Court held that this evidence is sufficient to create a genuine issue of material fact regarding Fant's acquiescence in the alleged use of excessive force. Id at 919. See*, e.g., McQurter v. City of Atlanta,* Ga., 572 F. Supp. 1401, 1415-16 (N.D. Ga. 1983), appeal dismissed, 724 F.2d 881 (11th Cir. 1984).

Similarly, in this case Defendant Kent Riley appeared at Rubicela Ramirez and Francisco Gonzales' home while they were both on their knees in the living room. Defendant Kent Riley then witnessed Defendant James Killian bang Rubicela Ramirez head against the floor and did nothing to stop him, correct him, or report him. Defendant Kent Riley's behavior is comparable to Fant's behavior in *Hale v. Townley*.

4. **Defendants Kent Riley and James Killian wantonly disregarded Plaintiffs' need for medical attention**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees. *Culpit v. Jones*, 835 F.2d 82, 84-85 (5th Cir.1987). To succeed in a §1983 action based on "episodic acts

or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir.1996) (en banc). That is, the plaintiff must show that the official knew of, and disregarded, a substantial risk of serious harm. *Domino v. Tex. Dep't of Criminal Justice*m 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A&M Univ.,* 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In this case, both Defendants James Killian and Kent Riley both wantonly disregarded Plaintiffs Rubicela Ramirez and Francisco Gonzales need for medical attention. Both Ramirez and Gonzalez continually begged to have medical attention for their eyes, and Riley and Killian deliberately ignored those requests. After Defendant James Killian banged Rubicela Ramirez head against the floor while Defendant Kent Riley watched, Killian and Riley failed to obtain medical attention to Ramirez' head injuries. The banging of her head against the floor caused her to get a black eye and her face to swell up. Their failure to get medical care, urgently needed for both Gonzalez and Ramirez, did not constitute mere negligence, but rather were omissions that were deliberate, reckless, and inexcusable.

## Conclusion

Based on the foregoing, Plaintiffs Rubicela Ramirez and Francisco Gonzales pray that the Court deny Defendant Kent Riley's Motion to Dismiss.

Respectfully submitted,

**Law Office of Patrick J. McLain**

*/s/ Suzy Vanegas*

_____

SUZY VANEGAS
State Bar No. 24082074
PATRICK J. McLAIN
State Bar No. 13737480
3316 Oak Grove Ave, Ste 200
Dallas, TX 75204
Telephone: (214) 416-9100
Facsimile: (972) 502-9879
suzy@patrickjmclain.com
Patrick@patrickjmclain.com
**ATTORNEYS FOR PLAINTIFFS'**

## Certificate of Service

I hereby certify that on 27th day of July 2018, a true and correct copy of the foregoing

document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil

Procedure.

*/s/ Suzy Vanegas*

_____

Suzy Vanegas