IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELLA RAMIREZ, <br> FRANCISCO GONZALES, <br> *Plaintiffs,* <br><br> v. <br><br> JAMES KILLIAN, a.k.a. "JR Killian" <br> and KENT RILEY, <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 2:18-CV-107-D-BR |

### DEFENDANT KENT RILEY'S REPLY TO PLAINTIFFS' RESPONSE TO HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE LEE ANN RENO:

COMES NOW Defendant KENT RILEY and files his Reply to Plaintiffs' Response in Opposition to Kent Riley's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) and in support thereof would show the Court as follows:

### I.
### THE PLAINTIFFS FAIL TO ADDRESS THE OFFICIAL CAPACITY CLAIMS (CLAIMS ASSERTED AGAINST COLLINGSWORTH COUNTY) OR THE EXCESSIVE FORCE CLAIM ASSERTED AGAINST DEFENDANT RILEY

In their response, the Plaintiffs have notably failed to address the dismissal requested by Sheriff Riley of the Plaintiffs' claims against Collingsworth County, asserted as official capacity claims against both Sheriff Riley and Defendant Killian. Sheriff Riley moved to dismiss the duplicative official capacity claim as unnecessary and the remaining official capacity claim against Collingsworth County due to the failure to state a claim for relief under the pleadings set forth in *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This includes the failure to allege any unconstitutional custom or policy and relying upon allegations consisting of nothing more than an isolated incident. For the reasons more fully set forth in Sheriff Riley's Rule 12(b)(6) Motion to

Dismiss, the official capacity claims asserted against Sheriff Riley and Killian (Collingsworth County) should be dismissed.

Additionally, the Plaintiffs provide no response to Sheriff Riley's motion to dismiss the excessive force claims asserted against Sheriff Riley. Because the Plaintiffs allege no use of physical force by Sheriff Riley, the Plaintiffs assert no actionable excessive force claim against Sheriff Riley. Consequently, for the reasons more fully set forth in Sheriff Riley's Rule 12(b)(6) Motion to Dismiss, the Plaintiffs claims for the use of excessive force by Sheriff Riley must be dismissed.

## II.
### THE PLAINTIFFS ERRONEOUSLY IGNORE LONG STANDING PRECEDENT REGARDING THE INTRACORPORATE CONSPIRACY DOCTRINE

Despite the Plaintiffs' efforts to distract from the well-established law regarding the intracorporate conspiracy doctrine, they cannot overcome the basic tenet, found under *both* Sections 1983 and 1985, that an alleged claim for conspiracy must state facts to support multiplicity of actors required to form a conspiracy. *See Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997) (noting "a single entity, . . . and its officers, is incapable of conspiring with itself for the purpose of Section 1983"). Ample precedent demonstrates the intracorporate conspiracy doctrine is applicable in a wide context of situations involving conspiracy claims, including specifically Section 1983. *See id.; see also Collins v. Bauer*, No. 3:11-cv-00887, 2012 WL 443010, *7 (N.D. Tex. Jan. 23, 2012) (discussing the application of the intracorporate conspiracy doctrine in context of conspiracy claim asserted under Section 1983).

The Plaintiffs' claims for conspiracy must be dismissed because they are barred by the intracorporate conspiracy doctrine prohibiting a conspiracy when all alleged persons are members of the same collective entity. *See Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997). The law is

clear. The application of the intracorporate conspiracy doctrine is not limited to conspiracy claims brought under Section 1985. Consequently, the Plaintiffs' claims for conspiracy asserted against Defendant Riley in his individual capacity and both Defendants in their official capacity must be dismissed due to the inability of the Plaintiffs to succeed on a conspiracy claim based entirely of actions of a single entity.

### III.
### FAILURE TO INTERVENE/DENIAL OF MEDICAL CARE

In the Plaintiffs' Response to Defendant's Rule 12 motion regarding the alleged denial of medical care, the Plaintiffs disregard their own pleadings and inappropriately attempt to look to allegations outside the pleadings for support of their claim. This is inappropriate on a Rule 12 motion, which looks strictly to the pleadings. *See Iqbal*, 556 U.S. at 678. In the Complaint, the Plaintiffs make no allegations that indicate Sheriff Riley was deliberately indifferent to each Plaintiff's medical needs. Rather, the Plaintiffs rely on boilerplate allegations concerning the behavior of Sheriff Riley. There are no allegations that Sheriff Riley had any reason to believe the actions would occur, and hence the claim falls short of the deliberated indifference standard required for liability. *See Nerren v. Livingston Police Department*, 86 F.3d 469, 473 (5th Cir. 1996).

The Fifth Circuit is clear that a standard higher than that of gross negligence is necessary to impose liability for an episodic act or omission resulting in the failure to provide medical care. *See Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996). Consequently, the claim of failure to provide medical care must be dismissed due to the failure to allege a claim with sufficient facts to demonstrate a plausible claim that Sheriff Riley acted with deliberate indifference to the constitutional rights of the Plaintiffs. *See Iqbal*, 556 U.S. at 678.

## IV.
### CONCLUSION

The Plaintiffs' failure to respond in any manner to the official capacity complaints asserted against Collingsworth County and the excessive use of force by Sheriff Riley demonstrates that these claims must be dismissed. Furthermore, the conspiracy claims and claims for the alleged denial of medical care should additionally be dismissed due to the Plaintiffs' failure to comply with the pleading standards set forth in *Iqbal/Twombly*.

WHEREFORE, PREMISES CONSIDERED, Defendant Kent Riley, in his individual and official capacities, respectfully requests that the Court grant the relief requested in his Rule 12(b)(6) motion.

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
TRACI D. SIEBENLIST
Texas Bar No. 24070517
KRISTYN U. SORENSEN
Texas Bar No. 24106537
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
tsiebenlist@cdmlaw.com
ksorensen@cdmlaw.com
**Counsel for Defendant Kent Riley**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 10th day of August, 2018, served as follows:

**VIA ECF**
Suzy Vanegas
Patrick J. McLain
LAW OFFICE OF PATRICK J. MCLAIN
3316 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
suzy@patrickjmclain.com
patrick@patrickjmclain.com
***Counsel for Plaintiffs***

/s/ *Matt D. Matzner*
OF COUNSEL