UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELLA RAMIREZ, § | | |
| FRANCISCO GONZALES, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:18-CV-00107 | |
| § | | |
| JAMES KILLIAN, a.k.a. "JR Killian" § | | |
| and KENT RILEY, § | | |
|     Defendants. § | | |

## PROPOSED JOINT SCHEDULING ORDER

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE LEE ANN RENO:

Pursuant to the Court's Order to Submit Joint Proposed Scheduling Order and Setting Rule 16 Scheduling Conference (Doc. 9), the Parties Submit the following:

### 1. NATURE OF THE CASE

Because the Parties have different opinions about the nature of the case and available defenses, they have each set forth their own versions for the Court.

#### A. PLAINTIFFS' CLAIMS

This is a civil rights case in which Plaintiffs Rubicela Ramirez and Francisco Gonzales complain that Defendants John Killian and Kent Riley entered Plaintiffs' home without probable cause, pepper sprayed them, shot their two dogs (killing one of the dogs), banged Plaintiff Ramirez' head against the floor, stabbed Plaintiff Ramirez' ribs with keys, and denied both Plaintiffs medical attention. Defendant James Killian violated Plaintiffs' 4th Amendment rights against unreasonable search and seizure by entering the house without a warrant or probable cause, and unreasonably seizing their property, more specifically their two dogs by shooting

them, killing one. Defendant James Killian used excessive force against both Plaintiffs by pepper spraying them, banging Plaintiff Ramirez head against the floor, and by stabbing Plaintiff Ramirez with his keys while she was in the police vehicle.

Defendant Kent Riley permitted excessive force against Plaintiff Ramirez by failing to stop Defendant James Killian's unlawful assault upon her. Defendant James Killian violated both Plaintiffs 14th Amendment rights by providing false information in the arrest report, in violation of Plaintiffs' rights to due process. Defendants violated Plaintiffs' rights by denying them medical attention after Defendant Killian pepper sprayed and struck the Plaintiffs under Defendant Riley's supervision.

### B. DEFENDANT RILEY'S/COLLINGSWORTH COUNTY CLAIMS

This is a civil rights case in which the Plaintiffs complain primarily about the actions of Collingsworth County Deputy James "JR" Killian for actions taken during an arrest of the Plaintiffs on June 20, 2016.[1] The Plaintiffs contend the actions taken by Defendant Killian and Sheriff Riley violated their constitutional rights with the excessive use of force, denial of medical care, the failure to intervene and a conspiracy to violate civil rights. Defendant Riley contends that the Plaintiffs have failed to state a claim for relief against Defendant Riley and/or Collingsworth County. Additionally, Defendant Riley/Collingsworth County contends that there was no conspiracy to violate the constitutional rights of the Plaintiffs, and that no custom, policy or practice was the moving force behind any alleged constitutional violation.

Furthermore, Defendant Riley, in his individual capacity, contends the doctrine of qualified immunity shields him from liability.

---

[1] The undersigned counsel for the Defendant does not represent James "JR" Killian in his individual capacity. As of the date of the filing of this proposed joint scheduling order, Defendant Killian has not made an appearance in the case.

Defendant Riley anticipates that one or both individual Defendants may assert the defense of qualified immunity. Should a Defendant assert the defense of qualified immunity, any motion for summary judgment relating to the issue of qualified immunity should be filed within sixty (60) days from the date the defense is raised, with any responses thereto filed in accordance with the Local Rules for the Northern District of Texas.

Defendant Riley contends that once he raises the defense of qualified immunity, any discovery not related to the issue of qualified immunity should be stayed until the issue of qualified immunity has been decided by the Court, at which time the stay will be automatically lifted without further order. *See Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012). The filing of a motion for summary judgment on the issue of qualified immunity should not limit that party's ability to file a subsequent motion for summary judgment in accordance with this Scheduling Order. Therefore, Defendant Riley requests the ability to file a motion for summary judgment on the issue of qualified immunity, and later to file a motion to summary judgment as to any *Monell* claims related to Collingsworth County.

### 2. CHALLENGE TO THE JURISDICTION/VENUE

None.

### 3. LIKELIHOOD OF JOINDER

Defendant JR Killian has not appeared in this case, but it is anticipated that he will likely make an appearance after the August 28, 2018, scheduling conference.

### 4. DEADLINES

Subject to deadlines being modified by qualified immunity, the Parties request that the Court enter a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) with the following deadlines:

A. Motions to join other parties must be filed on **November 2, 2018**.

B. Parties seeking affirmative relief shall designate expert witnesses on or before **November 14, 2018**.

C. Parties seeking affirmative relief shall make expert disclosures required by Rule 26(a)(2) on or before **November 28, 2018**.

D. Parties opposing affirmative relief shall designate expert witnesses on or before **December 28, 2018**.

E. Parties opposing affirmative relief shall make expert disclosures required by Rule 26(a)(2) on **January 11, 2019**.

F. All parties shall designate rebuttal expert witnesses on **January 25, 2019**.

G. Objection to Expert witnesses are to be filed as follows:

   i. Parties seeking affirmative relief shall file objections on **March 1, 2019**.

   ii. Parties opposing affirmative relief shall file objections on **April 5, 2019**.

H. Motions to amend pleadings must be filed on **January 18, 2019**.

I. Discovery must be completed on **May 17, 2019**.

J. Dispositive Motions, including motions summary judgment must be filed on **May 31, 2019**. This deadline does not apply to any motion for summary judgment on the issue of qualified immunity, which must be filed no later than 60 days after a party asserts the defense of qualified immunity.

K. All other motions except motions in limine must be filed on **July 30, 2019**.

L. All Rule 26(a)(3) disclosures must be filed on **August 20, 2019** (three weeks before trial ready date).

### 5. THE PARTIES' VIEWS AND PROPOSALS ON EACH OF THE MATTERS LISTED IN RULE 26(f)(3)(A)-(F)

(a) *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

(b) *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

(c) *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

(d) *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

(e) *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

(f) *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

### 6(a). CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

At this time all parties do not consent to referring the case to the Magistrate Judge.

### 6(b). STATUS OF SETTLEMENT NEGOTIATIONS

The Parties believe that going to mediation would be appropriate only after the issue of qualified immunity is fully briefed and ruled on by the Court. Due to the possibility of an interlocutory appeal related to qualified immunity, mediation would only be appropriate after the issue is resolved. Additionally, one of the Defendants, JR Killian, has not been served and has not made an appearance in the case. His presence is necessary for a meaningful mediation.

### 6(c). PROPOSED READY FOR TRIAL DATE

If discovery were not stayed pending resolution of qualified immunity, then the Parties believe that a trial ready date of **September 10, 2019** would be appropriate. However, in the opinion of Defendant Riley, case law requires the Court to stay discovery until the issue of qualified immunity may be resolved by the Court. Therefore, the deadlines set forth above may need to be modified once qualified immunity is addressed by the Court because discovery will likely be stayed while that issue is briefed and resolved by the Court.

### 6(d). LOCAL COUNSEL

Not applicable.

### 6(e). CERTIFICATE OF INTERESTED PERSONS

Plaintiffs filed their Certificate of Interested Persons (Doc. 12) on August 16, 2018. Defendant Kent Riley and Defendant Collingsworth County filed their Certificate of Interested Persons (Doc. 8) on July 11, 2018.

### PERMITTED CONTENTS  (*Not required, but can be included*)

1.  Disclosures required under Rule 26(a)(1) shall be due on August, 31, 2018.

2.  In regard to other appropriate matters, Defendant Kent Riley would refer the Court to the issue of qualified immunity in ¶ 1(B) and the effect this will likely have on deadlines/filing more than one motion for summary judgment.

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
TRACI D. SIEBENLIST
Texas Bar No. 24070517
KRISTYN U. SORENSEN
Texas Bar No. 24106537
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile:  (806) 762-3510
mmatzner@cdmlaw.com
tsiebenlist@cdmlaw.com
ksorensen@cdmlaw.com
***Counsel for Defendant Kent Riley***

AND

*/s/ Patrick J. McLain*
Law Office of Patrick J. McLain
PATRICK J. McLAIN
State Bar No. 13737480
SUZY VANEGAS
State Bar No. 24082074
3316 Oak Grove Ave, Suite 200
Dallas, Texas 75204
Telephone: (214) 416-9100
Facsimile: (972) 502-9879
suzy@patrickjmclain.com
Patrick@patrickjmclain.com
***Counsel for Plaintiffs***