IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELA RAMIREZ, | § | |
| FRANCISCO GONZALES | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:18-CV-107-D-BR |
| | § | |
| JAMES KILLIAN, a.k.a. "JR Killian" and | § | |
| KENT RILEY, | § | |
| Defendants. | § | |

Response in Opposition to Defendant James Killian's Motion to Dismiss for Failure to State a
Claim under Rule 12(b)(6)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Rubicela Ramirez and Francisco Gonzales, (hereinafter referred to as "Plaintiffs") ask this Court

to deny the relief requested by Defendant James Killian for the following reasons.

### Summary of Facts

On 7 June 2018, Rubicela Ramirez and Francisco Gonzales filed this lawsuit against Defendants

James Killian and Kent Riley alleging a number of 42 U.S.C. § 1983 violations by them both.

Defendant James Killian filed a Motion to Dismiss on 17 September 2018 under Federal Rules

of Civil Procedure Rule 12(b)(6).

### Argument and Authority

1. **Standard of Review**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the

face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v.*

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings

must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

2. **Plaintiffs' allegations show that James Killian clearly violated established federal rights and thus is not entitled to qualified immunity.**

"Qualified immunity balances two important interests— the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  The U.S. Supreme Court held that "general statements of the law are not inherently incapable of giving fair and clear warning"

and that "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question." *Hope v. Pelzer* 536 U.S. 730 at 741.

In deciding a dispositive motion that raises the defense of qualified immunity, the Supreme Court initially set forth a mandatory two-part inquiry for determining whether a government official was entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Under *Saucier*, a court must determine first whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal statutory right. If the record sets forth or establishes no violation, no further inquiry is necessary. On the other hand, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the court must determine whether the right at issue was clearly established at the time of the government official's alleged misconduct. *Id.* The Court relaxed this mandatory sequence in *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009), and stated, "[W]hile the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory," and judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236. The second prong of the test "is better understood as two separate inquiries: whether the allegedly violated constitutional right[] [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant[] [official] was objectively unreasonable in light of that then clearly established law." *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 750 [*733] (5th Cir. 2005) (internal quotation marks and citations omitted)); *see also Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995).

For an official, however, to surrender qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d at 882 (emphasis in original and citation omitted); and *Stefanoff v. Hays County*, 154 F.3d at 525. Stated differently, while the law does not require a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)(citations omitted).

As the matter will be further explained below, the totality of circumstances will show that Defendant James Killian use of force was clearly unreasonable and the facts will show that each Plaintiff suffered  "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Cooper*, 844 F.3d at 522.

3. **Defendant James Killian's unreasonable use of pepper spray, shooting of the 2 dogs, and banging of Rubicela Ramirez's head against the floor constitute overt acts supporting the allegation that the defendants conspired to violate 42 U.S.C. § 1983 against excessive force.**

The court recognizes that a plaintiff can maintain under § 1983 a claim of conspiracy to deprive him of constitutional rights. *See Bullard v. City of Hous.*, 1996 WL 4405777, at *4 (5th Cir. July 2, 1996) (per curiam); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). Section 1983, however, cannot be "violated." "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates[,]" and an "underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v.*

*Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (internal quotation marks omitted) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)). "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act, but 'a conspiracy claim is not actionable without an actual violation of section 1983.'" *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (citation omitted); *see also Tittle v. Raines*, 231 F.Supp.2d 537, 553 (N.D. Tex. 2002) (Lindsay, J.) ("A conspiracy by itself is not actionable under § 1983." (citation omitted)).  The actionable civil injury to a plaintiff results from the overt acts of the defendants, not from the mere continuation of a conspiracy." Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987).

Here, James Killian's clear violation of Rubicela Ramirez and Francisco Gonzales constitutional rights against unlawful and excessive force constitute overt acts.  Sheriff Kent Riley stood by and watched James Killian bang Rubicela's head against the floor and did absolutely nothing to stop him.  Both Defendants took part in the conspiracy using excessive force, failing to intervene on the excessive force, and by agreeing that Rubicela Ramirez and Francisco Gonzales should be arrested, even though a crime had not been committed.  The defendants in this case supported each other in use of excessive force and unlawful arrest.  The complaint specifically stated the above referenced facts and did not simply state legal and constitutional conclusions.

### 4. Defendant James Killian's use of force was excessive and objectively unreasonable in violation of Plaintiffs' Fourth Amendment rights.

A plaintiff's claim for excessive force must be determined according to Fourth Amendment standards because "*all* claims that law enforcement officers have used excessive force— deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free

citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (emphasis in original). Determining whether the force used was reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citation omitted). The issue of reasonableness centers on whether the officer's actions are "objectively reasonable" in light of the facts and circumstances with which he is faced, without regard to the officer's underlying intent or motivation. *Id.* at 397 (citation omitted). Whether the use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight." *Id.* at 396. In applying *Graham*, the Fifth Circuit uses a three-part test that requires a plaintiff to show "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (citation omitted); *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citation omitted). Injury can be one that is physical or psychological. *Ikerd v Blair*, 101 F. 3d 430, 434 n.9 (5th Cir. 1996).

In this case Defendant James Killian entered Rubicela Ramirez and Francisco Gonzales residence uninvited, without notice, with his gun drawn. Rubicela Ramirez and Francisco Gonzales came out of their bedroom and were surprised to see Defendant James Killian in their home with his gun pointing at them. Defendant James Killian immediately began pepper spraying both Plaintiffs and yelling profanities at Rubicela Ramirez. Both Plaintiffs complied with all of Defendant James Killian's demands even after witnessing both of their dogs being

shot by Killian without provocation or cause.  Even after Defendant Kent Riley arrived at the

scene, Defendant James Killian continued to use excessive force against Rubicela Ramirez by

banging her head against the floor and stabbing her with his keys once she was in his vehicle.

It would defy logic and even a rudimentary understanding of law enforcement protocol for

Defendant James Killian to argue that his actions or use of force were necessary, reasonable, or

justified to effect the arrest of Rubicela Ramirez or Francisco Gonzales when neither one was

resisting, trying to flee, trying to escape police custody, or committing a crime.  Neither Rubicela

nor Francisco posed an immediate threat to the safety of Defendant James Killian nor did they

try to interfere with his public duties. The two dogs were never "sic'd" on Defendant James

Killian nor did they ever aggressively approach Defendant James Killian for him to justify the

shooting of these animals.  On the contrary, both Rubicela and Francisco complied with all of

Defendant James Killian's demands at every stage of the interaction.  There is video evidence of

the entire interaction to substantiate these claims.  The injuries suffered from Rubicela Ramirez

and Francisco Gonzales were physical, eyes burning for both Plaintiffs and a black eye for

Rubicela Ramirez from the banging of her head against the floor by James Killian, and

psychological as they witnessed of the shooting of their two dogs; killing one and severely

wounding the other as it went to check on its fatally shot companion.  Defendant James Killian's

use of force in this case was objectively unreasonable under clearly established law.

### 3.  Defendants Kent Riley and James Killian wantonly disregarded Plaintiffs' need for medical attention

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees.  *Culpit v. Jones*, 835 F.2d 82, 84-85 (5th Cir.1987).  To succeed in a §1983 action based on "episodic acts

or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show

subjective deliberate indifference by the defendants. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir.1996) (en banc).  That is, the plaintiff much show that the official knew of and disregarded a substantial risk of serious harm. *Domino v. Tex. Dep't of Criminal Justice*m 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A&M Univ.,* 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In this case, both Defendants James Killian and Kent Riley both wantonly disregarded Plaintiffs Rubicela Ramirez and Francisco Gonzales need for medical attention. They both constantly requested to have their eyes checked out and both deliberately ignored the requests. Even after Defendant James Killian banged Rubicela Ramirez head against the floor and Defendant Kent Riley watched, both of their indifferences disregarded the serious harm that Killian's actions could have caused to Rubicela's well-being.  The banging of her head against the floor caused her to get a black eye and her face to swell up.  Their overt actions do not constitute negligence but are deliberately reckless and inexcusable.


**Conclusion**

Based on the foregoing, Plaintiffs Rubicela Ramirez and Francisco Gonzales pray that the Court deny Defendant James Killian's Motion to Dismiss.

Respectfully submitted,

**Law Office of Patrick J. McLain**

*/s/ Suzy Vanegas*

_____
SUZY VANEGAS
State Bar No. 24082074
PATRICK J. McLAIN
State Bar No. 13737480
3316 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone: (214) 416-9100
Facsimile: (972) 502-9879
suzy@patrickjmclain.com
patrick@patrickjmclain.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>Certificate of Service</u>

I hereby certify that on 28th day of September 2018, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Suzy Vanegas*

_____
Suzy Vanegas