IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| RUBICELLA RAMIREZ<br>FRANSISCO GONZALES,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KILLIAN, a.k.a. "JR Killian"<br>And KENT RILEY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:18-CV-107-Z-BR |

## ORDER ON MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT JAMES KILLIAN'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF QUALIFIED IMMUNITY

On August 20, 2019, United States Magistrate Judge Lee Ann Reno entered findings, conclusions, and recommendations on Defendant James Killian's Motion for Summary Judgment (ECF 36). ECF No. 50. The parties filed their respective objections and countering responses and replies to Magistrate Judge Reno's findings, conclusions, and recommendations. ECF Nos. 52, 53, 56, 57, 58, and 59.

After making an independent review of all summary judgement evidence and all arguments of the parties set forth in pleadings, files, records, objections, responses, replies, and the findings, conclusions, and recommendations of Magistrate Judge Reno, the Court concludes that the Magistrate Judge's findings, conclusions, and recommendations are correct with one exception as to Defendant James Killian's Motion for Summary Judgement. It is therefore ORDERED that the findings, conclusions, and recommendations of the Magistrate Judge are ADOPTED in part and Defendant's Motion for Summary Judgement (ECF 36) is GRANTED in part and DENIED in part, as further explained below.

1

The findings, conclusions, and recommendations submitted to this Court recommend that summary judgment be denied as to the shooting of Plaintiff's two dogs — hereinafter, "the Pit Bull," and "the German Shepherd." FCR at 24–27. This Court agrees and ADOPTS the Magistrate Judge's findings, conclusions, and recommendation as to the Pit Bull. However, this Court finds that Plaintiffs have failed to present sufficient evidence to demonstrate a genuine dispute of material fact as to whether the German Shepherd objectively posed a threat to Deputy Killian that justified the lethal force.

As the Magistrate Judge noted, extending qualified immunity to Deputy Killian for the German Shepherd is a "closer call." FCR at 26. The Court reviewed the relevant Fifth Circuit jurisprudence and all summary judgement evidence, including the affidavits and video evidence, and thereby determined that the Pit Bull shooting is factually and legally distinguishable from the German Shepherd shooting, which results in divergent qualified immunity analyses.[1]

**The Pit Bull**

As revealed in the video evidence reviewed by this Court, Deputy Killian first shot the Pit Bull. The Magistrate Judge's analysis correctly draws attention to the contradiction between this video evidence and Deputy Killian's affidavit stating that the Pit Bull moved toward him in "an

---

[1] *Compare Stephenson v. McClelland*, 632 Fed. Appx. 177, 184–85 (5th Cir. 2015) (granting qualified immunity where an officer was startled and shot a large, unleashed dog that was baring its teeth, forcing him to make a split-second judgment in a tense situation); and *Grant v. City of Houston*, 625 Fed. Appx. 670 (5th Cir. 2015) (granting qualified immunity where an officer shot a dog after being surprised when the dog showed its teeth and charged towards the officer's legs after taking reasonable precautions to isolate the dog); and *Romero v. Bexar Cty.*, 993 F. Supp. 2d 658, 661–62 (W.D. Tex. 2014) (granting qualified immunity when an officer shot a dog as "several large dogs ran out aggressively charging, barking and growling" and plaintiffs offered no contradicting evidence); *with Jones v. Lopez*, 689 Fed. Appx. 337, 339–41 (5th Cir. 2017) (finding obvious factual disputes precluding summary judgement when there was contradicting evidence that the dog never threatened to attack, growl, or otherwise pose a threat identified by the officers before they shot the dog); and *Kincheloe v. Caudle*, 2009 WL 3381047, at *6 (W.D. Tex. Oct. 16, 2009), *report and recommendation adopted*, 2009 WL 10699745 (W.D. Tex. Dec. 7, 2009) (fact issues precluded summary judgment where a plaintiff testified that a police officer fired two shots, killing a pit bull who was merely walking toward bushes in the front yard but in the general direction of the officer) (citing *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 211 (3d Cir. 2001) (stating the government may not "destroy a pet when it poses no immediate danger and the owner is looking on, obviously desirous of retaining custody.").

2

aggressive attack." FCR at 25; Killian-App. at 3. While Pit Bulls are a dangerous breed of dog — or at least may be perceived as such — the video evidence does not reflect the "aggressive behavior" deemed sufficient to necessitate lethal force in similar scenarios. *See e.g., Stephenson*, 632 Fed. Appx. at 184–85; *Grant,* 625 Fed. Appx. at 672–73.

Specifically, the Pit Bull walks into the kitchen and curiously approaches Mr. Gonzales, wagging its tail. The Pit Bull then walks towards Deputy Killian. Deputy Killian shouts, "I'll kill your dog," and simultaneously opens fire, shooting the Pit Bull with his pistol. The owner, just feet away, had no opportunity to attempt to control, call, or retrieve the Pit Bull. Notably, Deputy Killian had *more* than "a split-second" to react. And, while holding a can of pepper-spray, he chose to pull the pistol's trigger instead of using the pepper spray, backing away, or otherwise pausing to determine if the dog was apparently dangerous. The Pit Bull did not exhibit any "aggressive behavior." It did not growl, bark, bite, bare its teeth, jump, lunge, run, sprint, threaten to attack, or otherwise objectively "attack" Deputy Killian. *See e.g., Jones*, 689 Fed. Appx. at 340; *Grant*, 625 Fed. Appx. at 672–73, 677. Therefore, this Court AGREES with the Magistrate Judge's findings and conclusions as to the Pit Bull.

**The German Shepherd**

In contrast to the apparent docility of the Pit Bull, the German Shepherd exhibited "aggressive behavior" sufficient to necessitate lethal force. After Deputy Killian discharged his firearm into the Pit Bull, "[s]uddenly, a larger, previously unseen German Shepherd" appears unleashed, without any warning from the kitchen into the living room — a cramped, unfamiliar, and enclosed space. FCR at 26. Moving much faster than the Pit Bull, the large German Shepherd physically charges at Deputy Killian. Genuinely startled and with no chance to escape, no opportunity to tell the owners to take control, and no prior knowledge of this German

3

Shepherd's potentially dangerous propensities, Deputy Killian reacted within a split-second. This time, he opened fire on the large German Shepherd in what were now increasingly tense, uncertain, and rapidly evolving circumstances. *See Stephenson*, 632 Fed. Appx. at 180, 184–85.

Acknowledging the totality of the circumstances and viewing the evidence in the light most favorable to the Plaintiffs, this Court FINDS that the German Shepherd did objectively pose a threat to Deputy Killian and Plaintiffs have failed to present any competent summary judgment evidence reasonably showing that the shooting of the German Shepherd was not justified.

Therefore, the Court ADOPTS the Magistrate Judge's findings and conclusions — but rejects only the analysis and conclusion relevant to Deputy Killian's use of lethal force on the German Shepherd. Accordingly, Defendant Killian's objections to Exhibits A, B, C, and D are GRANTED, and Defendant Killian's objections to Exhibit E are OVERRULED. Further, Defendant Killian's Motion for Summary Judgment is:

(1) GRANTED on the unreasonable search and seizure/false arrest claim as to:

    (i) the search of the Plaintiffs' home by Defendant Killian; and

    (ii) the arrest of the Plaintiffs by Defendant Killian;

(2) GRANTED on the excessive force claim relating to the issues of:

    (i) the pepper spraying of both Plaintiffs by Deputy Killian;

    (ii) the head banging of Plaintiff Ramirez by Defendant Killian; and

    (iii) the ribs stabbing of Plaintiff Ramirez by Defendant Killian;

(3) GRANTED on the unreasonable search and seizure/false arrest claim as it relates to the issue of the seizure of Plaintiffs' German Shepherd; and

(4) DENIED on the claim of unreasonable search and seizure/false arrest as it relates to the issue of the seizure of Plaintiffs' Pit Bull.

It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED in part as stated above.

**SO ORDERED**.

November 27, 2019.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE