IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELLA RAMIREZ, FRANCISCO GONZALES | § § § | |
| Plaintiffs | § § | |
| vs. | § § | CIVIL ACTION NO. 2:18-CV-00107-Z-BR |
| | § § | |
| JAMES KILLIAN a.k.a. "JR" KILLIAN and KENT RILEY, | § § | |
| Defendants. | § § | |

**<u>DEFENDANT KILLIAN'S TRIAL BRIEF</u>**

TO THE HONORABLE MATTHEW J. KACSMARYK:

Defendant James Killian files this Trial Brief of issues he anticipates will arise at trial. In support, Killian would respectfully show the Court as follows:

**I.      The Plaintiffs do not have competent evidence of emotional distress damages.**

Compensatory damages for emotional distress must be supported by competent evidence. *Brady v. Ft. Bend Cnty.*, 145 F.3d 691, 718 (5th Cir. 1998). A claimant must present evidence to show the nature and extent of emotional harm caused by the alleged violation. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 938 (5th Cir. 1996). There are two separate issues regarding the proof necessary to support mental anguish damages. *Brady*, 145 F.3d at 718.

First, the plaintiff must present specific evidence of emotional damages. *Hitt v. Connell*, 301 F.3d 240, 250 (5th Cir. 2002). There must be a specific discernable injury to the plaintiff's emotional state proven by evidence regarding the nature and extent of the harm. *Brady*, 145 F.3d at 718. "Hurt feelings, anger and frustration are part of life" and cannot support a mental anguish award. *Patterson*, 90 F.3d at 940; *Brady,* 145 F.3d at 718.

Second, the Fifth Circuit has addressed the type of evidence that may be used. *Brady*, 145 F.3d at 718. A claimant's testimony alone may not be sufficient to support anything more than a nominal damage award. *Patterson*, 90 F.3d at 938. The degree of specificity required to establish emotional distress may require corroborating testimony or medical or psychological evidence to support the damage award. *Patterson*, 90 F.3d at 940. Because emotional distress is fraught with vagueness and speculation, and susceptible to fictitious and trivial claims, courts must "scrupulously analyze" an award of compensatory damages for emotional distress predicated solely on the plaintiff's testimony. *Brady*, 145 F.3d at 719. Neither conclusory statements that a claimant suffered emotional distress nor the fact of a constitutional violation supports an award for compensatory emotional damages. *Brady*, 145 F.3d at 718. Failure to establish an actual injury with sufficient evidence results in an award of only nominal damages. *Brady*, 145 F.3d at 718.

In *Brady*, for instance, the Fifth Circuit summarized the individual claimants' testimony: (1) marital and family problems and spending more time on the couch over the last three years because he didn't feel like the same person; (2) sleeplessness, loss of appetite, weight loss, unable to mentally accept it, and worried; (3) nervousness, sleeplessness, anxiety, and inability to perform duties at work; (4) highly upset, seeing a physician, concerned for his wife's college education, nervousness, sleeplessness, and stress; (5) nervousness, sleeplessness, forced to leave his home, and "not fun;" (6) gained 100 pounds, worried, the worst thing that ever happened to him, and he was shocked and devastated. *Brady*, 145 F.3d at 718-19. The court found that testimony was too vague and conclusory to support mental anguish for any of the claimants. *Brady*, 145 F.3d at 719.

The plaintiffs' evidence here is like the evidence in *Brady*. Such evidence is too vague and conclusory to support compensatory damages for emotional distress for the claimants here. *Brady*, 145 F.3d at 719.

## II.     Killian is entitled to question Plaintiff Gonzales regarding his immigration status.

Federal Rule of Evidence 608(b) allows questioning of collateral instances of misconduct that go to a witness's credibility. *Sanchez v. Davis*, 888 F.3d 746, 750 (5th Cir. 2018). Gonzales was born in Mexico, and he does not have a social security number. However, he has worked as a ginner in Texas for six years. If he obtained such employment by using false documentation, such evidence goes to his "character for truthfulness or untruthfulness" and should be admissible. *See* Fed. R. Evid. 608(b); *Bonilla v. Jaronczyk*, 354 Fed. App'x 579, 583 (2d Cir. 2009) (finding, in a § 1983 case, that Bonilla's alleged use of false papers to reenter the U.S. "clearly satisfied" the standard of rule 608(b)); *see also*, 8 U.S.C. § 1324a (establishing required documentation and verification of an alien's authorization to work in the U.S.).

Moreover, Gonzales is asserting damages for lost earning capacity in this case. But, if he is working in the United States in violation of the Immigration Reform and Control Act of 1986, *see* 8 U.S.C. § 1324a, then he is not guaranteed future wages based on United States rates. *See Vargas v. Kiewit La. Co.*, No. H-09-2521, 2012 WL 2952171, at *5 (S.D. Tex. July 18, 2012). Gonzales should not be allowed to establish his past U.S. wages are indicative of any future damages. *See Vargas*, 2012 WL 2952171, at *5. Because it is factually improper to demonstrate his future lost wages using U.S. wage rates, his loss of earning capacity should be based on the wages he would be able to earn in Mexico. *See Avalos v. Atlas World Group, Inc.*, No. 2:03cv174, 2005 WL 6736327, at *4 (S.D. Miss. Apr. 4, 2005) (citing *Hernandez v. M/V Rajaan*, 848 F.2d 498, 500 (5th Cir. 1988). Further, Killian is entitled to put on evidence that Gonzales is likely to be deported to Mexico because of his criminal conviction in 2020 for cockfighting. *See Vargas*, 2012 WL 2952171, at *5.

### III.    Plaintiff Gonzales's participation in cockfighting is admissible.

In 2020, Plaintiff Gonzales was convicted of a violation of section 42.105 of the Texas Penal Code for cockfighting. Moreover, Gonzales possessed implements meant to attach to the leg or foot of a cock to make the bird's strikes more lethal. *See* Tex. Penal Code Ann. § 42.105(a)(4) and (5) (West 2019) (defining a "gaff" and a "slasher").

Gonzales's cockfighting conviction should be admissible for at least two reasons. First, as noted above, Killian is entitled to put on evidence that Gonzales may imminently be deported because of this conviction. Second, Gonzales's continued participation in a sport of animal cruelty is admissible as an "other" act under Rule 404. Killian does not seek to admit evidence of Gonzales's participation in cockfighting as proof of his character to show that he acted in accordance with that character. *See* Fed. R. Evid. 404(b) (prohibiting evidence of a wrongful or criminal act to prove a person's character in order to show he acted in accordance with that character). Killian is not arguing that Gonzales acted in a "characteristic" way on the day of his encounter with Killian.

Rather, the evidence of Gonzales's participation in cockfighting is admissible for another purpose: to prove that the death of the pit bull was not emotionally distressful for Gonzales. Any testimony from Gonzales that he was emotionally distressed by the death of the dog is not credible in light of the fact that Gonzales participates in a gory, violent sport in which humans encourage two animals to spur each other to the death. Accordingly, evidence of Gonzales's participation in cockfighting is admissible for a permitted purpose. *See* Fed. R. Evid. 404(b).

### IV.    Evidence Killian was investigated for official oppression and that adjudication of that offense was deferred is not admissible.

As set out in the motion in limine, the Texas Rangers investigated Killian for the crime of official oppression, which he was later charged with, pleaded guilty to, and received deferred adjudication for. Both the magistrate judge and this Court found on summary judgment that the investigative report by

the Texas Rangers should be excluded under Federal Rule of Evidence 403. (ECF 50, at 15); (ECF 60, at 1, 4). "Such evidence poses a great risk of unfair prejudice and substantially outweighs any probative value." (ECF 50, at 15). The investigative report should likewise be excluded at trial. Moreover, testimony by the Rangers as to their investigation, as well as any other evidence related to the investigation, should be excluded for the same reason: such evidence is unfairly prejudicial to Killian and of minimal probative value. Accordingly, all evidence of the investigation into Killian for the crime of official oppression should be excluded from the trial. Fed. R. Evid. 403.

Moreover, evidence that Killian was charged with and took deferred adjudication for the misdemeanor offense of official oppression is also not admissible. First, such evidence is not admissible under Rule 609 because it is a misdemeanor offense and does not involve a dishonest act or false statement. *See* Fed. R. Evid. 609(a). Moreover, when adjudication of guilt has been deferred, there is no "conviction" as required by Rule 609, and the evidence is not admissible. *U.S. v. Hamilton*, 48 F.3d 149, 153 (5th Cir. 1995); *Wagner v. Volvo Constr. Equip. Rents, Inc.*, No. 11-1560, 2013 WL 142633, at *1-2 (W.D. La. 2013). Further, such evidence would not be admissible under rule 404(b), as that rule applies only to crimes, wrongs, or acts "other" than those at issue in the case. *See* Fed. R. Evid. 404(b) and cmt. to 2020 amends. The charge of official oppression arose out of the facts that form the basis of the plaintiffs' claims, not an "other" act. Finally, the probative value of any evidence that Killian took deferred adjudication is substantially outweighed by the unfair prejudice that will result. *See* Fed. R. Evid. 403.

Respectfully submitted,

RINEY & MAYFIELD LLP
    Alex Yarbrough – TBN 24079615
    ayarbrough@rineymayfield.com
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
(806) 468-3200; (806) 376-4509 Fax


By      /s/Alex L. Yarbrough
        Alex L. Yarbrough

*ATTORNEY FOR DEFENDANT JAMES "JR" KILLIAN*


## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the ***Defendant Killian's Trial Brief*** was this 9th day of March 2021 served on all known counsel of record in accordance with FED. R. CIV. P. 5(b)(2) as follows:

Patrick J. McLain                      *VIA ECF*
  patrick@patrickjmclain.com
LAW OFFICE OF PATRICK J. MCLAIN
900 Jackson Street,  Suite 635
Dallas, Texas 75202

And

Martell Harris, Esquire
  mh@tlawf.com
THE TRIAL LAW FIRM, LLC
The Pittsburgher
428 Forbes Avenue, Suite 1700
Pittsburgh, Pennsylvania 15219

*ATTORNEYS FOR PLAINTIFFS*


By      /s/Alex L. Yarbrough
        Alex L. Yarbrough

38391.001
151187v1