IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELLA RAMIREZ, FRANCISCO GONZALES | § § | |
| Plaintiffs | § § | |
| vs. | § | Civil Action NO. 2:18-CV-00107-Z-BR |
| | § § | |
| JAMES KILLIAN a.k.a. "JR" KILLIAN | §§ | |
| Defendant. | § | |

## TRIAL BRIEF FOR PLAINTIFFS RAMIREZ AND GONZALES

TO THE HONORABLE MATTHEW J. KACSMARYK:

Pursuant to this Court's order, see ECF Doc. 83, the Plaintiffs the Plaintiffs file this Trial Brief.

Respectfully submitted,

/s/ *Patrick J. McLain*

---

Patrick J. McLain
Texas Bar No. 13737480
900 Jackson Street, Suite 635
Dallas, Texas 75202
Telephone: (214) 416-9100
Facsimile: (972) 502-9879
patrick@patrickjmclain.com

/s/ *Mart Harris*

---

Mart Harris, Esquire
Pennsylvania Bar. No. 319504
THE TRIAL LAW FIRM, LLC
428 Forbes Avenue, Suite 1700
Pittsburgh Pennsylvania 15219
412.588.0030
MH@TLawF.com
**ATTORNEYS FOR PLAINTIFFS**

## INTRODUCTION

On June 20, 2016 Defendant Killian entered the Plaintiffs' residence, gun in one hand and pepper spray in the other. When he encountered Plaintiff Ramirez, Defendant Killian yelled at her, then cursed at her, then pepper sprayed her, then threatened to shoot her dog Bruno, then shot her dog Bruno. Bruno bled to death on the kitchen floor pursuant to his injuries at the hands of Defendant Killian. While Bruno was dying, Defendant Killian forced the Plaintiffs to kneel and lie in Bruno's blood as he cursed at them, called them names, and threatened to murder them.

## Claims

Following this Court's decision on Defendant's Motion for Summary Judgment, Plaintiffs bring one count of Unreasonable Seizure to trial at this time. Defendant Killian did not have good cause to kill Bruno. As a police officer acting under the color of State law, his actions must conform to the United States Constitution. Specifically, the Plaintiffs have a Fourth Amendment right, incorporated under the Fourteenth Amendment, to not have their property unreasonably seized by the police. Plaintiffs allege that Defendant Killian's actions on 20 June 2016 violated their constitutional rights, for which they are entitled to damages under the law.

## Potential Issues at Trial

Defendant Killian produced information about his applicable insurance policies under Fed.R.Civ.P. 26(a)(1)(A)(iv) during discovery at the beginning of this case. In late February 2021, counsel for the Defendant told counsel for the Plaintiffs that the insurance company was only defending the lawsuit, but the insurance company is either declining to pay a judgment against Defendant Killian, or reserving the right to so decline, because the insurance company

has determined that Defendant Killian was committing a crime when he harmed the Plaintiffs. With this late revelation by the attorney for Defendant Killian to his opposing counsel, counsel for Plaintiffs recognize that there now exists a conflict of interest between Defendant Killian and his counsel.  The Plaintiffs' counsel have discussed this conflict issue with counsel for Defendant Killian, and he has acknowledged the conflict.  Counsel for Defendant Killian has informed Plaintiffs' counsel that Defendant Killian was notified by his counsel about this conflict, and Defendant Killian was advised, during that communication, to seek separate counsel.  Plaintiffs' counsel have addressed a letter to Defendant Killian regarding his need to hire separate counsel to advise him about his rights to have conflict free counsel, and that letter has been served upon Defendant Killian through his current attorney, the counsel hired and paid for by Defendant Killian's aforementioned insurer.

  Plaintiffs have requested the documents sent from the insurance company to Defendant Killian regarding this issue, but counsel for Defendant Killian (paid by the insurance company) has refused to tender these documents, citing the laws of Mississippi and Maine.  Plaintiffs believe it is now necessary for a guardian ad litem to be appointed prior to trial on this matter to protect Defendant Killian's right to conflict-free counsel and to protect the integrity of these proceedings, including a future claim of mistrial by Defendant Killian due to this counsel issue.  Since Defendant Killian's rights appear to conflict with the position of his insurer and the attorney who is paid by said insurer, it cannot be said that Defendant Killian now has a counsel solely dedicated to the protection of his legal interests.

  Plaintiffs are uncertain of any other issues that may arise during trial, other than the questions on liability and damages that remain for the jury, and those identified in the Defendant's trial brief, received this afternoon.  While rulings on motions in limine are pending,

Plaintiffs believe that those rulings should be reserved for trial pursuant to Fed.R.Evid. 104(b). As the motions for summary judgment have already been decided upon by this Court, the motions in limine appear to be the only remaining issues for the Court that may arise during the trial.

Plaintiffs also note that the defense trial brief includes raises issues as to Plaintiff Gonzales' immigration status as well as to the availability of emotional distress damages. According to this Court's order, Motions in Limine were not for the purpose of resolving dispositive issues. Defendant's trial brief seeks a bar against any introduction of emotional pain and suffering damages in this case. To the extent that such a request is procedurally permissible in litigation generally, it is something that should have been resolved by way of Rule 56 Summary Judgment.

## Certificate of Service

I certify that, on 9 March 2021, a true and correct copy of the Plaintiffs' Trial Brief was forwarded to counsel for defendant pursuant to the Federal Rules of Civil Procedure.

/s/ *Patrick J. McLain*

_____
Patrick J. McLain
Attorney for Plaintiffs