IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELLA RAMIREZ, FRANCISCO GONZALES | § § § | |
| Plaintiffs | § § | |
| vs. | § § | Civil Action No 2:18-CV-00107-Z-BR |
| JAMES KILLIAN a.k.a. "JR" KILLIAN and KENT RILEY, | § § § § | |
| Defendants. | § § | |

## **DEFENDANT KILLIAN'S BENCH BRIEF ON INSURANCE DEFENSE LAW**

TO THE HONORABLE MATTHEW J. KACSMARYK:

Citing no legal authority whatsoever, Plaintiffs' Trial Brief asserts a conflict of interest between Defendant James Killian ("Killian") and his trial counsel, whose fees are paid by an insurer for Killian. Killian files this Bench Brief on this issue to lay out basic insurance defense law.

### I.   BACKGROUND

This is a Section 1983 lawsuit. The undersigned was retained by Killian's insurer to defend Killian on the merits of the Section 1983 claims. On December 11, 2020, Killian received notice of a supplemental reservation of rights letter; on December 22, counsel for Killian had a telephone conference with Patrick McLain, counsel for plaintiffs, regarding that letter.[1] Plaintiffs' counsel

---

[1] The reservation of rights letter is privileged and, therefore, has not been provided to counsel for Plaintiffs. *See Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14cv78-DCB-MTP, 2016 WL 7422561, at *5 (S.D. Miss. June 28, 2016) (applying *In re Madrid*, 242 S.W.3d 563, 568-69 (Tex. App.—El Paso 2007, no pet.), in light of federal law). Moreover, the reservation of rights is not relevant to any issue in the § 1983 trial. *See Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2020 WL 5032466, at *2 (D. Maine 2020) (finding reservation of rights letter not relevant to underlying suit under the federal rules); *In re Madrid*, 242 S.W.3d at 568.

argue there is a conflict between Killian and the undersigned, and the Court should appoint a guardian ad litem to represent Killian. Counsel for Killian *did not* admit to any impermissible conflict of interest with his client; he does not represent the insurer, and he does not represent Killian on any coverage issue. Killian has chosen not to retain separate counsel on the coverage issue, although he has been advised he has the right to do so. Counsel is vigorously defending Killian on the merits of this case.

## II.   ARGUMENTS AND AUTHORITIES

First, the Texas Disciplinary Rules of Professional Conduct provide that a lawyer may accept compensation from one other than the client for representing a client if: (1) the client consents; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and (3) information relating to representation of the client is protected as confidential or privileged when appropriate. Tex. Disciplinary Rules Prof'l Conduct R. 1.08(e), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2020). There is no inherent conflict of interest in an attorney for a tort defendant being paid by an insurer. The "tripartite relationship," or that relationship between an insurer, the insurance defense attorney it hires, and the insured is common in tort cases.

Whether an insurer has a right to conduct the defense of its insured is a matter of contract. *Coats, Rose, Yale, Ryman & Lee, P.C. v. Navigators Specialty Ins. Co.*, 830 F. Supp. 2d 216, 219 (N.D. Tex. 2011). An insurer's chosen counsel to represent an insured owes a duty of unqualified loyalty to the insured. *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 392 (5th Cir. 2014). While that duty might be threatened where an insured's interests contrast sharply with his insurer, a reservation of rights by the insurer alone does not create a conflict between the insured and the insurer. *Graper*, 756 F.3d at 392. Rather, it only recognizes the possibly of such a conflict. *Graper*,

756 F.3d at 392. An actual conflict exists only when the facts to be adjudicated in the liability lawsuit are the very same facts upon which coverage depends. *Coats, Rose, Yale, Ryman & Lee, P.C.*, 830 F. Supp. 2d at 219. There is no indication in the present suit that the reservation of rights created anything more than a potential conflict.

But, ultimately, whether such a conflict exists or not does not affect the present suit. If there is a conflict, it is an issue to be resolved between Killian on the one hand and his insurer and defense counsel on the other. Killian has been advised of his right to hire outside counsel on any coverage issues. He chooses not to hire separate counsel. Plaintiffs here are strangers to the applicable insurance contract. It is not their concern whether Killian chooses to hire coverage counsel.

Second, a guardian ad litem is not appropriate even if there were a conflict. A guardian ad litem is meant for the protection of a minor or one who is incompetent. *See* Fed. R. Civ. P. 17. Killian is neither. There is no right to the appointment of a "guardian ad litem" when a party has a coverage dispute with his insurer. Plaintiffs offer no authority to support this position.

Third, a conflict of interest based on insurance coverage would not require a mistrial in the present case. Coverage issues are properly determined separately from the underlying suit, such as by a declaratory judgment action between the insured and the insurer. *See Tex. Ass'n of Counties Cnty. Gov't Risk Mgmt. Pool v. Matagorda Cnty*, 52 S.W.3d 128, 135 (Tex. 2000) (suggesting insurers may, among other options, seek prompt resolution of a coverage dispute in a declaratory judgment action). Any coverage dispute between Killian and his insurer will not affect the trial of this case or the finality of any judgment entered.

Moreover, Texas is not a direct action state. *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App.—Austin 2002, no pet.); *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN,

2017 WL 5152350, at *2 (N.D. Tex. Oct. 4, 2017). A tort claimant does not have a direct cause of action against the tortfeasor's liability insurer until the insured is adjudged liable to the claimant. *Jones*, 78 S.W.3d at 629; *Carter*, 2017 WL 5152350, at *2. Further, the tort claimant has no direct cause of action for extra-contractual liability against the insurer. *Jones*, 78 S.W.3d at 629. Whether or not the insurer here is liable for any judgment that may be awarded is not at issue in the present suit.

Accordingly, any coverage dispute does not affect trial of this case and is not at issue in the present case.

                    Respectfully submitted,

                    RINEY & MAYFIELD LLP
                       Alex Yarbrough – TBN 24079615
                       ayarbrough@rineymayfield.com
                    320 South Polk Street, Suite 600
                    Maxor Building
                    Amarillo, Texas 79101
                    (806) 468-3200; (806) 376-4509 Fax

By      */s/Alex L. Yarbrough*
          Alex L. Yarbrough

*ATTORNEY FOR DEFENDANT JAMES "JR" KILLIAN*

# CERTIFICATE OF SERVICE

This is to certify a true and correct copy of ***Defendant Killian's Bench Brief on Insurance Defense Law*** was this 18th day of March 2021 served on all known counsel of record in accordance with FED. R. CIV. P. 5(b)(2) as follows:

Patrick J. McLain                                    *VIA ECF*
  patrick@patrickjmclain.com
LAW OFFICE OF PATRICK J. MCLAIN
900 Jackson Street, Suite 635
Dallas, Texas 75202

And

Martell Harris, Esquire
  mh@tlawf.com
THE TRIAL LAW FIRM, LLC
The Pittsburgher
428 Forbes Avenue, Suite 1700
Pittsburgh, Pennsylvania 15219

ATTORNEYS FOR PLAINTIFFS


                                              By_____/s/Alex L. Yarbrough_____
                                                        Alex L. Yarbrough

38391.001
151296v1