IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELA RAMIREZ, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:18-CV-107-Z |
| JAMES KILLIAN, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the Plaintiffs' Opposed Motion for Reconsideration ("Motion"). ECF No. 113. Plaintiffs filed the Motion at 5:17 p.m. on Friday, August 27, 2021 — four days before trial. For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED**.

This case was filed on June 7, 2018. ECF No. 1. This Court adopted the Magistrate Judge's FCR on November 27, 2019, and thereby granted in part Defendant's motion for summary judgment, leaving but one claim: the alleged violation of Plaintiffs' Fourth Amendment rights via Defendant's alleged unlawful seizure of a pit bull. ECF No. 60. The parties were ordered to conclude discovery on this sole remaining claim on or before September 11, 2020. ECF No. 75 at 4. Exactly 350 days later and approximately 80 hours before trial, Plaintiffs filed the late-breaking Motion.

In the Motion, Plaintiffs allege that Defendant's deposition is inconsistent with the affidavit attached to Defendant's summary judgment motion filed on February 27, 2019. ECF No. 38 at 1–10. At the latest, Plaintiffs knew or should have known about this alleged inconsistency 350 days ago. *Compare* ECF No. 75 *with* ECF No. 113. Even if filed in "good faith," the Motion is (1) untimely under the order following pre-trial conference, ECF No. 110; (2) incongruous with the "newly discovered evidence" requirements of Federal Rule of Civil Procedure 54(b); and (3) tantamount to "trial by

ambush" under an unbroken chain of Fifth Circuit cases. *See, e.g.*, *Woods v. Int. Harvester Co., Inc.*, 697 F.3d 635, 639 (5th Cir. 1983).

For these reasons and others rooted in equity, Plaintiffs' Motion for Reconsideration is **DENIED.** Plaintiffs are **ORDERED** by Noon, August 28, 2021, to show cause why their conduct should not be sanctioned because of their "inability to conduct litigation properly." N.D. TEX. LR 83.8(b) ("A presiding judge . . . may take any appropriate disciplinary action against a member of the bar."). Disciplinary action may include monetary sanctions and/or disbarment from the Northern District of Texas.

Further, if Plaintiffs proceed to trial and introduce evidence or argument *unrelated* to the sole remaining claim — the alleged violation of Plaintiffs' Fourth Amendment rights via Defendant's alleged unlawful seizure of a pit bull — Plaintiffs' counsel will be sanctioned.

**SO ORDERED.**

August 27, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE