IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBICELA RAMIREZ, *a.k.a. Rubicela Solis, Individually and as Administratrix of the Estate of Francisco Gonzalez,* | § | |
| Plaintiff, | § | |
| v. | § | 2:18-CV-107-Z-BR |
| JAMES KILLIAN, *a.k.a.* JR KILLIAN, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER COMPELLING PRODUCTION AS TO ATTORNEY'S FEES**

This case began with a Complaint originally filed in this Court on June 7, 2018. (ECF 1). That Complaint alleged that Defendant James "JR" Killian, as a Sheriff's Deputy in Collingsworth County, Texas, violated the constitutional rights of Plaintiff Rubicela Ramirez (who more recently is also known as Rubicela Solis) and of former Plaintiff Francisco Gonzalez, who has since passed away, after Killian entered their home on June 20, 2016. (*See id.*). The case has been through summary judgment, trial, and an appeal, resulting in a partial verdict for Plaintiff[1] and leaving pending for trial her excessive force claim under 42 U.S.C. § 1983. *See Ramirez v. Killian*, 113 F.4th 415, 430 (5th Cir. 2024).

Now before the Court is a discovery dispute between the parties regarding attorney's fees; Killian has asked Plaintiff to produce documents that might be used to support an application for attorney's fees under 42 U.S.C. § 1988. (ECF 232 at 1–2). Plaintiff objects that the discovery

[1] The undersigned refers to Plaintiff in the singular even though she is before the Court both individually and in her capacity as the administratrix of Francisco Gonzalez's estate. (*See* ECF 225) (amending the docket as to spelling and status of the parties).

sought is not yet relevant and would encompass privileged information. (*Id.* at 2; ECF 240 at 3–5). The parties argued the matter at a hearing before the undersigned on July 13, 2026. (*See* ECF 243) (minute entry).

The undersigned construes the parties' July 1, 2026 joint letter brief (ECF 240) as including a motion by Killian to compel responses to attorney's fees discovery, and having considered the filings of the parties and the applicable law, for the following reasons, finds such motion should be GRANTED.

## I. JURISDICTION

This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 because Plaintiff's pending claim for excessive force is created by federal law. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). The presiding United States District Judge has referred the case to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for determination of all non-dispositive motions except those related to expert witnesses. (ECF 186).

There is pending a dispute between the parties regarding the Plaintiff's pretrial disclosures under Rule 26(a)(3). (ECF 246). The District Judge will separately rule on the dispute pertaining to Rule 26(a)(3) disclosures,[2] and will also rule on any post-judgment motion for attorney's fees in this case.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure permit discovery as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Information within that scope "need not be admissible in evidence to be discoverable." *Id.* The Rules also require courts to set a deadline in every case by which discovery must be

[2] Because, for the reasons explained below, attorney's fees are to be resolved by post-judgment motion, the ongoing dispute as to Rule 26(a)(3) pretrial disclosures does not bear on the instant discovery dispute.

completed. *Id.* at 16(b)(3)(A). In this case, the Court set that deadline as September 19, 2026. (ECF 189 at 4).

Several categories of information that might otherwise fall within the scope of discovery are excluded from it. For example, a party may only obtain "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" if the party seeking such discovery makes an extraordinary showing of need. FED. R. CIV. P. 26(b)(3)(a). More generally, information may be undiscoverable if it is covered by a privilege. *See* FED. R. EVID. 501 ("Privilege in General"). If a party withholds information because it is privileged, that party must "expressly make the claim" and must describe the withheld information in sufficient detail to permit evaluation of the privilege claim. FED. R. CIV. P. 26(b)(5)(A). The financial details of an attorney's compensation by their client are not generally privileged. *United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981).

Early in each civil suit, the parties are required to engage in a conference to create a plan for managing discovery. *Id.* at 26(f). As part of that conference, they are directed to consider, among other things, "the subjects on which discovery may be needed, . . . and whether discovery should be conducted in phases or be limited to or focused on particular issues[.]" *Id.* at 26(f)(3)(B).[3]

When a party prevails in a civil suit, that party is generally permitted to recover certain costs, which can be processed ministerially by the Clerk of Court, subject to a timely motion for Court review. *Id.* at 54(d)(1); 28 U.S.C. § 1920 (listing recoverable costs). Attorney's fees are not part of this ministerial process; unless they must be proved at trial as an element of damages, attorney's fees are resolved by a post-judgment motion to the court. FED. R. CIV. P. 54(d)(2)(A).

[3] In this case, the post-conference report submitted by the parties eight years ago, in August of 2018, acknowledged this requirement but did not report any positions from either party on the relevant questions. (ECF 13 at 4).

Both Plaintiff's pending excessive force claim and her unreasonable seizure claim that was the subject of the prior verdict are brought pursuant to 42 U.S.C. § 1983, which creates liability for any person who deprives another of civil rights while acting under color of law. (ECF 1 at 7–9) (Plaintiff's Complaint). When a party other than the United States prevails in such a proceeding, the law gives trial courts the discretion to award that party their reasonable attorney's fees. 42 U.S.C. § 1988(b).

To ensure opposing parties are on notice, a claim for fees must be raised in an appropriate pleading, and then must be invoked again by the later post-judgment motion. *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998).[4] Such a claim in the pleadings is not, at least in the current civil rights context, a cause of action such as would defeat a motion to dismiss for failure to state a claim. *Accord Villegas v. Galloway*, 458 Fed. App'x 334, 338 (5th Cir. 2012) (per curiam, unpublished order).

It is less clear whether such claims in the pleadings are "claims" for which discovery of relevant matters is permitted by Rule 26. Many district courts have held that discovery regarding attorney's fees is premature before liability has been established. *See, e.g.*, *Johnson v. Bridges of Indiana, Inc.*, 2:10-CV-153, 2011 WL 977561, *2 (S.D. Ind. Mar. 17, 2011) (reasoning that a party's attorney bills would not be relevant after that party had lost at trial, and so cannot be relevant before that party has prevailed); *see also Innovation Scis., LLC v. Amazon.com, Inc.*, 4:18-CV-474, 2020 WL 3288082, *3 (E.D. Tex. June 18, 2020).

This Court has, in the past, held otherwise. *Douglas v. Potter Cnty.*, 2:24-cv-30 (ECF 65) (N.D. Tex. Oct. 25, 2024); *accord Coleman v. Credit Mgmt., LP*, 3:10-CV-2312, 2011 WL

[4] Plaintiff asserted her claim for attorney's fees in her original Complaint (ECF 1 at 11) and Killian asserted his own claim to attorney's fees in his Answer (ECF 31 at 11).

13128820, *1–2 (N.D. Tex. July 13, 2011). Ultimately, "control of discovery is committed to the sound discretion of the trial court[.]" *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).

Once a party has requested that something be produced in discovery, the recipient of the request must generally respond within thirty days. FED. R. CIV. P. 34(b)(2)(A). The response must address each item requested, and must state whether any responsive items are being withheld on the basis of specific objections. *Id.* at 34(b)(2)(B)–(C). A failure to properly and timely object to a discovery request can cause a party to forfeit their objections. *Cooper v. Dallas Police Ass'n*, 584 Fed. App'x 208, 208 (5th Cir. 2014) (per curiam, unpublished order) (citing *In Re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).

The Federal Rules generally permit parties seeking discovery to move the court to compel responses if the recipient of the discovery request fails to respond to it, or provides "an evasive or incomplete disclosure, answer, or response[.]" FED. RR. CIV. P. 37(a)(3)(B)(iv), 37(a)(4). When evaluating such a motion, the court must generally award the prevailing party its attorney's fees incurred in the motion practice unless losing party's position was "substantially unjustified" or other exceptions apply. *Id.* at 37(a)(5).

The Court has in this case, through a Standing Order Regarding Potential Discovery Disputes, imposed additional requirements before a motion to compel may be filed. (ECF 198).[5] Those requirements are for counsel to first meaningfully engage in at least two attempts to voluntarily resolve the discovery dispute, and then to file a joint advisory to the Court, followed by a collaborative letter brief. (*Id.* at 2). The Standing Order then provides for the Court to hold a hearing on the matter. (*Id.* at 2–3).

[5] The undersigned previously noted that this case predated the practice of issuing said Standing Order; thus, the Standing Order was entered only after the case was appealed and remanded for further proceedings. (ECF 233 at 1 n.1). In fact, an earlier version of the Standing Order was entered on October 13, 2020. (ECF 78). The more recent Standing Order controls, and is the one to which the parties have been directed in resolving this discovery dispute; the Court makes this note now solely to correct the record.

## III. PROCEDURAL HISTORY

The instant dispute originated on August 15, 2025, when Killian served four Requests for Production on Plaintiff seeking:

> RFP 1(a): A true and correct copy of Plaintiffs' contract with their attorney(s) for services relative to this lawsuit;
>
> RFP 1(b): A detailed statement of all work performed by any attorneys or paralegals related to Plaintiffs' lawsuit which would allow the Defendant to determine the reasonableness and necessity of the work provided. The Plaintiffs' response should include the hourly rate, a brief description of services provided and the amount charged for each service. If a contingency fee has been agreed to, please set forth the amount of the contingency fee.
>
> RFP 2: Produce all documents that will be submitted to the Court in support of an attorney's fee application/evidence.
>
> RFP 3: Produce all documents reflecting any contract or agreement with attorney Steven Bird to handle the probate proceeding of Francisco Gonzales, Deceased.
>
> RFP 4: Produce all documents reflecting payment(s) to attorney Steven Bird for his work on the probate proceeding of Francisco Gonzales, Deceased.

(ECF 232 at 1–2). Plaintiff responded by email on September 22, 2025, the thirty-eighth day after the request was made, stating that "none of those requests relate to the issues for trial." (*Id.* at 2). Plaintiff supplemented this response with a formal objection the following day:

> Plaintiffs object to this request under Rule 26(B)(1). It is not relevant to the claims or defenses in this case. This information may relevant if and when proceedings take place under 42 U.S.C. § 1988. Pursuant to this objection documents are being withheld including Plaintiffs' agreements with counsels, and billing records.

(*Id.*).

The same day Plaintiff formally objected, September 23, 2025, Killian's counsel contacted the undersigned's chambers to advise the Court of the discovery dispute. (*See* ECF 198 at 1 n.1). Shortly afterwards, however, the Court granted a joint motion to stay this case pending a medical evaluation of Plaintiff pursuant to Rule 35(a)(1). (ECF 203).

Once the issues associated with Plaintiff's medical evaluation had been resolved, the Court established a new deadline of June 22, 2026 for "all motions not otherwise covered by the scheduling order, excluding motions in limine." (ECF 227 at 1). On June 17, the parties filed their joint advisory informing the Court that this discovery dispute remained pending, and had not been resolved despite multiple good-faith conferences between the parties. (ECF 232). They filed their collaborative letter brief on July 1 (ECF 240), and appeared before the undersigned for a hearing on July 13, 2026 (ECF 243) (minute entry).

## IV. ANALYSIS

Killian argues that he is entitled to the discovery because it is relevant to Plaintiff's claim for attorney's fees and because the information sought is needed "to reasonably analyze and discuss with his counsel in the context of potential liability and for the purposes of potential settlement . . . [and] to prepare to question witness[es] to the extent that they are presented on the issue of the reasonableness and necessity of attorney's fees." (ECF 240 at 2). Killian further argues that Plaintiff's failure to respond to the original request within the thirty-day window has caused Plaintiff to forfeit any objection to the discovery. (*Id.* at 3).

Plaintiff argues that the requested material is not relevant to "any live claim or defense" because the question of fees will arise only after liability has been determined. (*Id.* at 3). Plaintiff further objects that statements of work contained in live billing narratives "risk revealing counsel's mental impressions, witness focus, research, trial preparation, impeachment work, and litigation strategy[,]" all of which are protected from discovery. (*Id.* at 4). Finally, Plaintiff argues that the response eight days after the deadline[6] "did not sandbag" Killian, and that forfeiture of her

---

[6] The Court separately notes that Plaintiff's counsel's September 22, 2025 email was sent only three days after Killian followed up on the original discovery requests with "a letter requesting responses without objections[.]" (ECF 232 at 2).

objections would not permit discovery that was otherwise irrelevant and for that reason prohibited under Rule 26. (*Id.* at 5).

The Court finds that each party has asserted a claim for attorney's fees (ECF 1 at 11 *and* ECF 31 at 11), and that the parties are entitled to discovery of materials relevant to those claims under Rule 26. This is especially true in the instant case, given that **<u>Plaintiff has in fact prevailed on a claim for which she is entitled to attorney's fees</u>**. *See Ramirez v. Killian*, 113 F.4th 415, 430 (5th Cir. 2024) (reinstating Plaintiff's favorable jury verdict on her unreasonable-seizure claim).

Even in a situation where the party seeking attorney's fees has not yet prevailed on their claim, the Court finds that discovery on such a claim is relevant, and should be permitted unless it is otherwise disallowed by the rules.[7] Because discovery is, separately from the relevancy requirement, limited by a proportionality requirement, compliance with such discovery when it is requested by an opposing party is not per se likely to subject any party to undue burden or hardship. *See* FED. R. CIV. P. 26(b)(1). Moreover, parties are given the opportunity to conduct discovery in phases, if they request such an arrangement be included in the court's scheduling order. *Id.* at 26(f)(3)(B).

Finally, as noted above, the presiding District Judge will be the one to resolve any post-judgment motion for attorney's fees, and so will be the one to set the procedures applicable to any such motion. Accordingly, the undersigned declines to rule that all evidence relevant to such determinations must be produced according to one set procedure in all cases.

[7] According to the inverse of the reasoning deployed by the Indiana Court in *Johnson*, 2011 WL 977561 at *2, it is guaranteed (absent settlement) that at least one party in cases like this will eventually prevail and obtain judgment, and discovery as to attorney's fees is always relevant as to at least one party in such cases. The Court does not know in advance which party will prevail, but an inability to forecast victory on a party's claim is no reason to deny that party access to relevant and proportional discovery related to that claim.

## V. CONCLUSION

Defendant James "JR" Killian has shown that he is entitled to discovery that Plaintiff has withheld. Accordingly, the Court construes the parties' July 1, 2026 collaborative letter brief (ECF 240) as containing a motion by Killian to compel such discovery, and having considered the construed motion and the applicable law, the Court finds such motion should be GRANTED.

At the July 13 hearing before the undersigned, Killian indicated that the request related to the state court probate proceedings was motivated by a lack of clarity as to whether Plaintiff would include the fees from such proceedings in any request for fees in this case. Accordingly, to give the parties time to resolve this question and to permit Killian to narrow his request as appropriate, it is ORDERED that Killian may serve renewed Requests for Production on Plaintiff that are identical to or narrower than those served on August 15, 2025, and must serve any such renewed requests **on or before September 25, 2026**.

Because each party's position in opposing this discovery was substantially justified, the Court will not award any allocation of fees in association with the construed motion to compel. Similarly, because Defendant has also asserted a demand for attorney's fees, and because any decision by Plaintiff not to seek discovery related to fees may have been motivated by the mistaken belief that such discovery was prohibited, it is further ORDERED that Plaintiff may propound any request for discovery as to attorney's fees **on or before September 25, 2026**.

Finally, so the parties may complete these processes, it is ORDERED that parties must advise the Court of any subsequent discovery dispute as to attorney's fees **on or before October 30, 2026**, and must otherwise be ready for trial **on or before November 16, 2026**, with an actual trial date to be set after that time by the District Judge.

IT IS SO ORDERED.

ENTERED September 3, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE